IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
           :

CHRISTINE B. CASSESSE, EVAN A. GELACEK, :
PHILIP A. GELACEK, EDWARD A. CASSESSE, :
and ZACHARY P. GELACEK,   :
           :
     Plaintiffs,   :
           :
     v.   :   Case No. 2:26-cv-00600
           :
ASHLEY MURPHY, a deputy sheriff of the   :
Allegheny County Sheriff's Office, in her official :
and personal capacity; KEVIN M. KRAUS,   :
Allegheny County Sheriff, in his official capacity; :
NICOLA HENRY-TAYLOR, Judge of the Fifth   :
Judicial District of Pennsylvania, in her official :
capacity; TRICIA R. SORG, Court Administrator of :
the Family Division of the Fifth Judicial District of :
Pennsylvania, in her official capacity; JENNIFER :
S. MCCRADY, Administrative Judge of the Family :
Division of the Fifth Judicial District of   :
Pennsylvania, in her official capacity; and SUSAN :
EVASHAVIK DILUCENTE, President Judge of the :
Fifth Judicial District of Pennsylvania, in her   :
official capacity,   :
           :
     Defendants.   :
           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## COMPLAINT

Plaintiffs Christine B. Cassesse, Evan A. Gelacek, Philip A. Gelacek, Edward A. Cassesse, and Zachary P. Gelacek, by and through undersigned counsel, hereby bring the following complaint against defendants Ashley Murphy, a deputy sheriff of the Allegheny County Sheriff's Office in her official and personal capacity, Kevin M. Kraus, the Allegheny County Sheriff in his official capacity, Nicola Henry-

Taylor, a Judge of the Fifth Judicial District of Pennsylvania in her official capacity, Tricia R. Sorg, the Court Administrator for the Family Division of the Fifth Judicial District of Pennsylvania in her official capacity, Jennifer S. McCrady, the Administrative Judge of the Family Division of the Fifth Judicial District of Pennsylvania in her official capacity, and Susan Evashavik DiLucente, the President Judge of the Fifth Judicial District of Pennsylvania in her official capacity (collectively, the "Defendants"), and aver as follows:

1. Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 in order to seek redress for Defendants' violations of Plaintiffs' respective rights under the First and Fourteenth Amendments to the United States Constitution.

## PARTIES

2. Christine B. Cassesse is a nurse practitioner who has been licensed to practice in the Commonwealth of Pennsylvania. She is the mother of plaintiffs Evan A. Gelacek and Zachary P. Gelacek.

3. Evan A. Gelacek is an attorney licensed to practice law in the Commonwealth of Pennsylvania.

4. Philip A. Gelacek is a physician licensed to practice medicine in the Commonwealth of Pennsylvania. He is the father of plaintiffs Evan A. Gelacek and Zachary P. Gelacek

5. Edward A. Cassesse is the former Chief of the Police Department of the Borough of Kittanning, Pennsylvania. He is married to plaintiff Christine B. Cassesse.

6.     Zachary P. Gelacek is an attorney licensed to practice law in the Commonwealth of Pennsylvania.

7.     Ashley Murphy ("Deputy Murphy") is a deputy sheriff for the Allegheny County Sheriff's Office.  Deputy Murphy is sued in her official and personal capacity.

8.     Kevin M. Kraus is the Allegheny County Sheriff.  As noted below, the Allegheny County Sheriff's Office supplies, among other things, security services to the Fifth Judicial District of Pennsylvania (the "Fifth Judicial District").  Through his elected position, Sheriff Kraus possesses ultimate authority over, and responsibility for, the operations of the Allegheny County Sheriff's Office as well as the actions of its employees and agents.  Sheriff Kraus is sued in his official capacity.

9.     Nicola Henry-Taylor ("Judge Henry-Taylor") is a Judge of the Fifth Judicial District.  Judge Henry-Taylor is sued in her official capacity.

10.    Tricia R. Sorg is the Court Administrator of the Family Division of the Court of Common Pleas of Allegheny County, a constituent entity of the Fifth Judicial District (the "Family Division").  Through that position, she is responsible for the day-to-day administrative operations of the Family Division and its agents, employees, and contractors who contribute to the discharge of those operations.  She is sued in her official capacity.

11.    Jennifer S. McCrady is the Administrative Judge of the Family Division.  Through that position, she is the Judge of the Fifth Judicial District

assigned to the Family Division who maintains authority over, and responsibility for, its administrative operations.  She is sued in her official capacity.

12.    Susan Evashavik DiLucente is the President Judge of the Fifth Judicial District of Pennsylvania.  She was selected for that position by her fellow Judges of the Fifth Judicial District of Pennsylvania.  Through that position, she possesses ultimate authority over, and responsibility for, the operations of the Fifth Judicial District of Pennsylvania and its constituent entities.  She is sued in her official capacity.

JURISDICTION AND VENUE

13.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims arise under the Constitution and laws of the United States.

14.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions that give rise to Plaintiffs' claims occurred in this district.

FACTUAL BACKGROUND

15.    On February 23, 2021, plaintiff Zachary Gelacek commenced an action in the Family Division through which he sought custody of his minor children (the "Custody Action").

16.    Judge Jennifer Satler was the Judge of the Fifth Judicial District initially assigned to adjudicate the Custody Action.

17.    Judge Satler subsequently transferred within the Fifth Judicial District to the Criminal Division of the Court of Common Pleas of Allegheny County.  Consequently, Judge Chelsa Wagner was assigned to assume responsibility for adjudication of the Custody Action.

18.    Zachary Gelacek's ex-wife is a graduate of the University of Pittsburgh School of Law as well as a former agent of the Fifth Judicial District of Pennsylvania.  In 2004, she served as a law clerk to Judge Lawrence O'Toole of the Criminal Division of the Court of Common Pleas of Allegheny County.

19.    Over the course of their nearly two-decades-long relationship, Zachary Gelacek's ex-wife, the defendant to the Custody Action, made numerous statements in which she communicated to him that she and Judge Wagner maintained an ongoing social relationship.

20.    After Judge Wagner's assignment to the Custody Action, Zachary Gelacek, through counsel, filed a motion before Judge Wagner through which he sought her recusal from the action due to the potential conflicts of interest and appearance of impropriety that stem from her social relationship with the defendant.

21.    On January 27, 2023, Judge Wagner denied that motion.  In the order through which she issued that ruling, Judge Wagner stated that "she does not have any recollection" of Zachary Gelacek's ex-wife, the defendant to the Custody Action.

22.    Thereafter, Judge Wagner decided a crucial motion relating to evaluations of parental fitness of the parties to the Custody Action in favor of the defendant, Zachary Gelacek's ex-wife.

23.    The Family Division scheduled a conciliation in a related equitable-distribution action by Zachary Gelacek's ex-wife for April 12, 2023.  At that hearing, Judge Wagner informed Zachary Gelacek's counsel that she had decided to recuse herself from any further participation in that action or the Custody Action due to her social relationship with Zachary Gelacek's ex-wife.

24.    On April 28, 2023, the Administrative Judge of the Family Division assigned Judge Henry-Taylor to the Custody Action in Judge Wagner's stead.

25.    Shortly thereafter, Judge Henry-Taylor began making concerning remarks about Zachary Gelacek, including (but not limited to):

a.    on August 4, 2023, stating to his counsel that "With his [medical] issues, why does he think he even gets a say [as to where his children should reside and what school they should attend]?";

b.    on September 25, 2023, opining that he appeared "flushed" and may be "under the influence of drugs;"

c.    on that same date, informing him that she needed to check whether any protection-from-abuse orders had been filed against him and determine whether he requires a batterer's intervention;[1]

---

[1] Zachary Gelacek never has been accused of, or engaged in, physically-abusive behavior.  He believes that this comment was motivated by discriminatory animus associated with a medical condition from which he suffers.

d.      on October 16, 2023, stating, "What my problem is [with fathers who are alleged to present a danger to his children] is can they put the needs of the kids before their own?";[2] and

e.      during the same hearing, describing Zachary Gelacek's argument that applicable federal and state law required Judge Henry-Taylor to recuse herself from further participation in the Custody Action due to her behavior during prior proceedings as "threats" and/or "bullying."

26.     The Family Division scheduled trial of the Custody Action for April 9, 2024.

27.     Dismayed at the results he was obtaining compared to the sums he spent, Zachary Gelacek decided to represent himself at that trial.

28.     On the morning of the scheduled trial, April 9, 2024, Plaintiffs arrived at the Family Division's Family Law Center approximately thirty minutes before the 9:30 am EDT time at which the trial was scheduled to commence.

29.     The Allegheny Sheriff's Department supplies, among other things, security services to the Fifth Judicial District of Pennsylvania.

30.     Deputy Murphy was assigned to provide security to the courtroom in which the trial of the Custody Action was to occur on the morning of April 9, 2024 (the "Trial Courtroom").

---

[2] Neither the Family Division nor Judge Henry-Taylor were presented with any information that demonstrated that Zachary Gelacek failed to fulfill the needs of his minor children during the more than two years in which he exercised custody over them.

31.    Around the time at which that trial was scheduled to commence, Deputy Murphy approached Plaintiffs on behalf of Judge Henry-Taylor and informed them that Judge Henry-Taylor wanted to know the identity of the individuals other than Zachary Gelacek then present.

32.    In response, Zachary Gelacek told Deputy Murphy that he was accompanied by his brother, Evan Gelacek, his mother, Christine Cassesse, his father, Philip Gelacek, and his step-father, Edward Cassesse, each of whom was attending to support Zachary Gelacek (collectively, the "Non-Party Plaintiffs").

33.    After that exchange, Deputy Murphy entered the Trial Courtroom.  A few minutes later, she re-emerged and again approached Plaintiffs to inform them that Judge Henry-Taylor would not permit anyone other than Zachary Gelacek to enter the Trial Courtroom or to physically witness the scheduled trial.

34.    Plaintiffs objected to that decision and informed Deputy Murphy that they demanded that all of them be permitted to enter the Trial Courtroom and that the Non-Party Plaintiffs be permitted to physically witness the trial.

35.    At this point, Deputy Murphy attempted to soothe Zachary Gelacek's anxiety about Judge Henry-Taylor barring the Non-Party Plaintiffs from the Trial Courtroom (which, by this point, was patent due to his acute-stress reaction described below) by stating, "Don't worry, I will be there."

36.    Zachary Gelacek replied, "You also were there on September 25[, 2023,] when Judge Henry-Taylor falsely accused me of being high on drugs in the

courtroom and suggested falsely that I have an issue with physical abuse, require a batterer's intervention, and have had PFAs filed against me."

37.    Deputy Murphy appeared taken aback by Zachary Gelacek's comment. She responded, "she [Judge Henry-Taylor] is a Judge, and you know that I cannot control the behavior of a Judge."

38.    Mr. Gelacek replied, "I know that.  It's the issue here and the whole reason why my family and brother need to be physically present to witness Judge Henry-Taylor's actions at trial."

39.    At around this point, Evan Gelacek informed Deputy Murphy that, since Judge Henry-Taylor was prohibiting him and his family from physically witnessing the trial, he now was entering his appearance as Father's trial counsel. He explained to Deputy Murphy that he is a licensed Pennsylvania attorney in good standing and would serve as Zachary Gelacek's attorney during the forthcoming trial.

40.    Deputy Murphy responded to Evan Gelacek's statements by again returning to the Trial Courtroom.

41.    Several minutes thereafter, Deputy Murphy re-emerged, at which time she asked Evan Gelacek for his Pennsylvania Attorney Identification Number.

42.    Evan Gelacek replied by supplying that information, which Deputy Murphy wrote down on a piece of paper she was carrying.

43.    Deputy Murphy then returned to the Trial Courtroom with that information.

44. Approximately ten minutes after that interaction, Deputy Murphy returned to Plaintiffs in the hallway outside the Trial Courtroom and informed them that Judge Henry-Taylor "had denied" Evan Gelacek's appearance as trial counsel.

45. Deputy Murphy then told Plaintiffs that Judge Henry-Taylor told her that Zachary Gelacek would need to enter the Trial Courtroom alone and that he could seek to enter Evan Gelacek's appearance as his trial counsel through that arrangement.

46. As noted above, Zachary Gelacek experiences symptoms of acute-stress reactions when in proximity to Judge Henry-Taylor due to his experiences with her on occasions in which she has humiliated and assailed him.

47. At the point that Deputy Murphy informed him that Judge Henry-Taylor required him to enter the Trial Courtroom alone and without any witnesses physically present, he began to experience intense acute-stress-reaction symptoms such as shaking and rapid speech.

48. Zachary Gelacek decided that he would not subject himself to another situation in which Judge Henry-Taylor could again humiliate or otherwise engage in improper behavior directed at him without counsel or anyone he could trust present to witness such judicial conduct.

49. Accordingly, Plaintiffs left the Family Law Center.

50. At subsequent hearings in the Custody Action, Deputy Murphy and Judge Henry-Taylor again rebuffed attempts by Evan Gelacek and Christine

Cassesse to accompany Zachary Gelacek into the courtroom in which the hearing was scheduled to occur.

51. On each of those occasions, Zachary Gelacek and his supporting-family-member witness decided to leave rather than to risk subjecting Zachary Gelacek to further intemperate conduct by Judge Henry-Taylor without a family member present to witness her actions.

## FIRST CLAIM FOR RELIEF

### Plaintiffs Christine B. Cassesse, Evan A. Gelacek, Philip A. Gelacek, and Edward A. Cassesse Against Defendants for Violating Non-Party Plaintiffs' First-Amendment Rights

52. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraph one through paragraph fifty-one above with the same force and effect as if fully set forth herein.

53. The acts of Defendants set forth herein constitute conduct under the color of state law that deprived the Non-Party Plaintiffs of rights, privileges, and immunities under the First and Fourteenth Amendments to the United States Constitution.

54. The First Amendment of the United States Constitution provides the public with a qualified right of access to government proceedings.

55. There is a long history in the United States of holding judicial proceedings open to the public.

56. Defendants' acts of prohibiting the Non-Party Plaintiffs from attending the trial and other proceedings in the Custody Action and their policy that prohibits

the public from attending such events infringes upon the Non-Party Plaintiffs' right to attend, witness, and report on court proceedings.

57.    Defendants, their agents, servants, and employees violated 42 U.S.C. § 1983 in that Defendants, their agents, servants, and employees acted as persons who under color of any statute, ordinance, regulation, custom, or usage of Allegheny County, the Fifth Judicial District of Pennsylvania, or the Commonwealth of Pennsylvania, subjected the Non-Party Plaintiffs to deprivation of his or her respective rights, privileges, or immunities granted by the Constitution and laws of the United States.

58.    As applied to these facts, the First Amendment of the United States Constitution requires that proceedings in the Custody Action be conducted in public.

## SECOND CLAIM FOR RELIEF

### Plaintiff Zachary P. Gelacek
### Against Defendants For Violating His First- and Fourteenth-Amendment Rights

59.    Plaintiffs reallege and incorporate by reference the allegations set forth in paragraph one through paragraph fifty-eight above with the same force and effect as if fully set forth herein.

60.    The acts of Defendants set forth herein constitute conduct under the color of state law that deprived Zachary Gelacek of rights, privileges, and immunities under the First and Fourteenth Amendments to the United States Constitution.

61.    The First Amendment of the United States Constitution provides a qualified right to have civil actions tried in public.

62.    There is a long history in the United States of holding judicial proceedings open to the public.

63.    The Fourteenth Amendment of the United States Constitution also provides the right to due process of law, which entails, among other things, the right of a party to a civil action to be represented by counsel of choice.

64.    Defendants' acts of prohibiting the public from attending the trial and other proceedings in the Custody Action and their policy that prohibits the public from attending such events infringes upon Zachary Gelacek's right to have his rights adjudicated in public.

65.    In addition, Defendants' acts of prohibiting counsel from accompanying Mr. Gelacek to the trial in the Custody Action and their policy that prohibits counsel from making a last-minute appearance orally at trial infringes upon Zachary Gelacek's right to due process of law.

66.    Defendants, their agents, servants, and employees violated 42 U.S.C. § 1983 in that Defendants, their agents, servants, and employees acted as persons who under color of any statute, ordinance, regulation, custom, or usage of Allegheny County, the Fifth Judicial District of Pennsylvania, or the Commonwealth of Pennsylvania, subjected Zachary Gelacek to deprivation of his rights, privileges, or immunities granted by the Constitution and laws of the United States.

67.    As applied to these facts, the First Amendment of the United States Constitution requires that proceedings in the Custody Action be conducted in public.

68.    As applied to these facts, the Fourteenth Amendment of the United States Constitution requires that a party to a civil action be allowed to be represented by counsel of choice at trial.

## PRAYER FOR RELIEF

The conduct alleged herein, unless and until enjoined by an order of this Court, will cause great and irreparable injury to Plaintiffs.  A judicial declaration is necessary and appropriate at this time so that the parties may know their respective rights and obligations and act accordingly.

WHEREFORE, Plaintiffs demand judgment against Defendants:

A.    Declaring that Defendants' actions as set forth herein violated federal law, including the First and Fourteenth Amendments to the United States Constitution;

B.    Preliminarily and permanently enjoining Defendants from (i) barring the public from attending proceedings in civil actions and (ii) barring counsel to a party to a civil action from physically entering a courtroom in order to enter an appearance as counsel for that party;

C.    Awarding monetary damages in an amount to be proven at trial of $1 or more;

D.      Awarding Plaintiffs their costs and reasonable attorneys' fees in this action; and

E.      Granting Plaintiffs such other or further relief as the Court deems appropriate.

Dated:  April 8, 2026

Respectfully submitted,

s/ Zachary P. Gelacek

Zachary P. Gelacek, Esq.
PA 207161
Gelacek Legal Services LLC
310 Grant Street, Suite 2901
Pittsburgh, Pennsylvania 15219
(724) 664-5022 (phone)
zpg@gelaceklegal.com

*Attorney for Plaintiffs Christine B. Cassesse, Evan A. Gelacek, Philip A. Gelacek, Edward A. Cassesse, and Zachary P. Gelacek*